# TRUSTEES SOLDIERS' ORPHANS' HOME ET AL.
## v.
## GEORGE LYON ET AL.

*Jurisdiction—Courts of Chancery.*

1.  The question whether a lower court had jurisdiction of a given controversy should not be primarily raised herein.

2.  In a controversy where there is a common fund in which persons named have an interest, the same being in the hands of trustees as agents of the State, they claiming under a given contract the right to apportion such fund according to their judgment, such persons being claimants, may seek in a court of equity the relief, if any, to which they are entitled.

3.  In the case presented, the sureties of an absconding contractor undertook the completion of the work in hand, the same being of a public character; the trustees having control thereof asserted the right to prefer claimants in their discretion; a sum of money had been obtained by the contractor from the trustees upon the exhibition of receipts from two of the sub-contractors, which he had obtained by giving them checks upon a bank in which he had no funds, said sum being deposited in a bank named. This court holds, in view of the evidence, that the fund in the bank should be regarded as though it had not passed from the hands of the trustees; that the fact that some of the creditors garnished such money is not to be regarded as a reason for giving them an exclusive interest therein, they being permitted to share equitably in the fund in the hands of the trustees; that there is no merit in the contention that a certain corporation should be postponed to other creditors because the stockholders thereof were sureties upon the bond of said contractor; that the decree of the trial court touching the distribution of the fund in the hands of the trustees was proper, but that so much of it as related to the fund in bank can not stand for the reason that there was no service upon, or entry of appearance by it, and directs that the decree be in part reversed, and the cause remanded, that the bank be made a party, and that if upon hearing as to it, it appears that the facts are as alleged, the fund on deposit with it shall be distributed as in said decree set forth.

[Opinion filed December 3, 1891.]

IN ERROR to the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

This was a bill in chancery filed by defendants in error against the plaintiffs in error and others.

The bill alleges that on the 2d of July, 1889, the trustees of the Soldiers' Orphans' Home contracted with one M. G. Patterson, in writing, to erect an addition to the home for the sum of $44,000, and that complainants were his sureties for the performance of the contract; that he failed to complete the contract and that they had assumed to do so in his stead; that when he abandoned the contract he had absconded, leaving divers obligations to contractors and sub-contractors unpaid setting out in detail the names of all contractors and sub-contractors; that certain suits in attachment and certain garnishee proceedings had been commenced, the trustees and the First National Bank being sued as garnishees; that complainants had paid to the Lyon-Armstrong Company $1,583.84 for completing said work and asked a preference for such amount; that there remained in the hands of the trustees $10,837.70, unpaid, which might be subjected to the payment of the various claims; that there was about $1,700 in the First National Bank belonging to Patterson which had been made the subject of garnishment as aforesaid; that the claims of contractors and sub-contractors were in the aggregate considerably in excess of the funds in the hands of the bank and the trustees, and prays for equitable relief.

The contract between Patterson and the trustees contained, among other things, a provision that he should furnish the trustees a list of all sub-contractors with the amount to be paid to each, and before money would be paid by the trustees Patterson should file written receipts for labor and materials up to such time, and in case of notice from sub-contractors, or others, that there remained payments due them, then, in that case, the trustees should withhold further payments on the contract until such claims were settled or released, and in the discretion of the trustees they should be authorized to pay to the sub-contractors or parties furnishing labor or materials, the amount of their original contract and for additional labor or materials furnished by them at the same rate *pro rata* as provided in the original contract.

After Patterson's failure, and after his sureties had undertaken to finish the work, the trustees asserted the right to

prefer claimants in their discretion under this clause, and this was one of the grounds upon which the bill sought relief in equity. It appeared also that the money in the bank had been obtained by Patterson from the trustees upon the exhibition of receipts from two of the sub-contractors, which receipts he had obtained by giving checks upon a bank in Decatur, where he had no funds.

There were various intervening petitions on behalf of creditors, and the bill having been amended and answered by a part of the defendants thereto, the cause was referred to the master to take proof and report his conclusions.

Exceptions were filed to the master's report, and upon consideration of the whole matter the Circuit Court rendered a decree, in effect, that the sureties should be postponed until other creditors were paid; that workmen and material-men contracting with Patterson should share *pro rata*, and that the sub-contractors should share *pro rata* with each other in the amount received by their contractor; that the money remaining in the hands of the trustees and the bank should be applied and paid out accordingly. The record is brought here by writ of error, and errors are assigned by the bank, by the trustees, by one of the creditors of Patterson, and by two of the sub-contractors.

Messrs. KERRICK, LUCAS & SPENCER and BENJAMIN & MORRISSEY, for plaintiffs in error.

Messrs. PHILLIPS & PORTER, for defendants in error.

WALL, P. J. The question is presented whether a court of equity has jurisdiction of the subject-matter. This should have been raised distinctly in the court below. After having permitted the case to pass through all the stages of a hearing upon bill, answer, replication and proofs, without objection, appellants should not make the point here for the first time.

We think, however, there is no doubt of the jurisdiction. Here was a common fund in which divers claimants had an interest. It was in the hands, mainly, of the trustees as agents

of the State, who were claiming under the contract the right to apportion according to their judgment. There was no convenient machinery in the courts of law to bring in all the claimants and adjust their respective rights. The sureties, by virtue of their advances and of their liability on Patterson's account, had an interest in the proper distribution of the fund.

It was eminently a case where the rights of parties could not be well determined in any tribunal save that of chancery, and where, but for equitable interference, there would have been a failure of justice.

The fund in the hands of the bank should be regarded as in all respects the same as though it had not passed from the hands of the trustees. It was improperly drawn by Patterson. The main fund should carry with it this portion also, and those creditors who participate in the main fund should not object to this course.

They who ask equity should be willing to do equity. The mere fact that some of the creditors may have garnished this money in the hands of the bank, is not to be regarded as a reason for giving them an exclusive interest in it, when they are permitted to share equitably in the much larger fund in the hands of the trustees, and especially is this so where the money is really a part of, and by reason of the means by which it was obtained by Patterson, should be regarded, in equity at least, as still belonging to the main fund.

It is complained that the Lyon-Armstrong company, a corporation, should have been postponed to other creditors because the stockholders therein were also sureties on the bond of Patterson, but in our judgment there is no good reason for this objection.

We are satisfied that the court was governed by equitable principles in its distribution of the funds, and we find no error in the record so far as the money in the hands of the trustees is concerned. It is objected, however, that the decree as against the bank is erroneous because there was no service upon, or entry of, appearance by the bank. This objection appears to be well taken and we are compelled to sustain it. However, the error in this respect does not necessarily affect the residue of the decree.

As to the funds found to be still in the hands of the trustees the decree will be affirmed, and the same should be paid out accordingly.

As to the money in the hands of the bank the decree must be reversed and the cause remanded with directions to make the bank a party, and if upon a hearing as to the bank it shall be found that the facts are as they now appear, the money so in the hands of the bank will be distributed, as by the present decree.    The bank will recover its cost herein of the defendants in error.    The decree will be affirmed in part, and in part reversed, and cause remanded.

*Affirmed in part and reversed in part, and remanded.*